UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAUN R. MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>GREAT AMERICAN FINANCE HOLDINGS LLC,<br><br>    Defendant. | Case No. 1:21-cv-06396 |

**NOW COMES** SHAUN R. MARTINEZ ("Plaintiff"), by and through his undersigned counsel, complaining as to the conduct of Defendant GREAT AMERICAN FINANCE HOLDINGS LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Illinois and Defendant maintains its principal place of business in the Northern District of Illinois.

## PARTIES

4.  Shaun R. Martinez ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Indianapolis, Indiana.

5.  Great American Finance Holdings LLC ("Defendant") maintains its principal place of business in Chicago, Illinois.

## FACTUAL ALLEGATIONS

6.  On September 30, 2015, Plaintiff purchased a bedroom set and mattress from The Room Place by using financing through Defendant.

7.  Plaintiff received several phone calls that the furniture was on backorder.

8.  In October 2015, fed up with the delays, Plaintiff cancelled his order with The Room Place.

9.  Plaintiff went to the retail store at which he purchased the furniture and cancelled the order with a representative there.

10. That representative never provided Plaintiff with paperwork regarding the cancellation.

11. Then, Plaintiff started receiving bills from Defendant for the furniture that he never received in the approximate amount of $4,100 ("subject debt")

12. Plaintiff called Defendant to inquire why he was being charged for the furniture.

13. Plaintiff also contacted The Room Place to obtain records of the purchase and subsequent cancellation but was told that a fire at the location destroyed any records.

14. The Room Place did state, however, that it called Defendant and verbally advised that the furniture order had been cancelled.

15. At some point in 2016, Defendant started reporting the subject debt to Plaintiff's credit reports.

16. Plaintiff has disputed the subject debt with all three credit bureaus on multiple occasions with no success.

17. Specifically, Plaintiff has disputed with all three credit bureaus every 3 months since the subject debt first appeared on his credit reports.

18. Most recently, Plaintiff disputed the subject debt with Experian on November 5, 2021.

19. Experian then responded to the dispute on November 23, 2021, stating that the status of the subject debt did not change on his Experian credit report.

20. As of November 23, 2021, Defendant still had not corrected its inaccurate reporting with the credit agencies, and Plaintiff is still suffering from a derogatory account on his credit reports.

21. Frustrated with Defendant's deceptive collection practices, Plaintiff hired counsel to assist with this matter.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

**a. Violations of 15 U.S.C. § 1692e**

23. Pursuant to §1692e of the FDCPA, a debt collection is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt." 15 U.S.C. §1692e.

24. Section 1692e(8) of the FDCPA prohibits a debt collector from "communicating or threatening to communicate to any person credit information which is known or which should be known to be false." 15 U.S.C. §1692e(8).

25. Defendant violated §§1692e and e(8) when it reported the subject debt to the credit agencies despite Plaintiff never owing the subject debt or receiving the furniture in question.

26. Reporting the subject debt to the credit agencies was deceptive because it paints a false picture of Plaintiff and his credit worthiness, affecting his ability to obtain credit.

**WHEREFORE**, Plaintiff, SHAUN R. MARTINEZ, respectfully requests that this Honorable Court enter an order:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Enjoining Defendant from its deceptive practices;
c. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
e. Awarding any other relief as is deemed just and proper.

Dated: November 30, 2021

Respectfully Submitted,

**SHAUN R. MARTINEZ**

By: /s/ Jennifer Ann McLaughlin

Jennifer Ann McLaughlin, Esq.
Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
Marwan R. Daher, Esq.
*Counsel for Plaintiff*

5

                                      Sulaiman Law Group, Ltd
                                      2500 S Highland Ave, Suite 200
                                      Lombard, IL 60148
                                      Telephone: (630) 575-8180
                                      jmclaughlin@sulaimanlaw.com
                                      mbadwan@sulaimanlaw.com
                                      vmetroff@sulaimanlaw.com
                                      mdaher@sulaimanlaw.com